IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| WAYNE R. BRYANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-0482 |
| ) | |
| DAVID BERKEBILE, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 13, 2010, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[2] (Document No. 1.) In his Petition, Petitioner argues as follows: (1) "The Bureau of Prisons' Administrative Remedy Procedures are inadequate to contest the constitutionally of the Inmate Financial Responsibility Program, 28 C.F.R. § 545.10" (Id., pp. 11 - 12.); and (2) "The Bureau of Prisons' determination that 28 C.F.R. § 545.10 authorizes its officials to set restitution/fine payment amounts and scheduling violates due process" (Id., pp. 12 - 15.). As Exhibits, Petitioner attached the following: (1) A copy of Petitioner's "Restitution and Forfeiture" as filed in Criminal Action 07-0267 (Id., pp. 16 - 17.); (2) A copy of Petitioner's "Federal Court Systems District of New Jersey Case Inquiry Report" (Id., p. 18.); (3) A copy of Petitioner's "Inmate Request to Staff" dated March 11, 2010 (Id., p. 19.); (4) A copy of Petitioner's "Request for Administrative Remedy" dated March 29, 2010 (Id., pp. 21 - 22.)

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on February 15, 2013.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); <u>Nakell v. Attorney General of North Carolina</u>, 15 F.3d 319, 322 (4th Cir.), <u>cert. denied</u>, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Id.</u> In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

<u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[3] <u>See e.g.</u>,

---

[3] The "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *also see Coleman v. Brooks*, 133 Fed.Appx. 51 (4th Cir. 2005)(*citing, Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). The purpose of the IFRP is to "encourage each

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules

---

sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan" can result in negative consequences to the inmate. 28 C.F.R. 545.11(d). The Second Circuit has recognized that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990). Furthermore, compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. *Id.*; *also see Cupp v. Reed*, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: July 15, 2013.

R. Clarke VanDervort
United States Magistrate Judge